Robert LAND and Spencer M. Wertheimer, Administrators of the Estate of Andrew Lavern Brown Walters, III a/k/a Andrew Walters, III; Johnathan Victor Phillipe Bo Brown a/k/a Johnathan Walters; Julie Janelle Tiffany Briana Walters a/k/a Julie Walters and Aimee Elizabeth Helen Zuhairan Walters a/k/a Aimee Walters, Appellees,

v.

THE SALVATION ARMY and Cope, Lippincott, Slifer Architects and C. Daniel Weyman and Weyman Associates, Inc., Appellants,

v.

Jeanette L. Walters. (Two Cases).

Superior Court of Pennsylvania.

Argued May 15, 2001.
Filed Aug. 28, 2001.

John Hare, Philadelphia, for The Salvation Army.

Daniel L. Thistle, Philadelphia, for appellants at No. 1794 EDA 2000.

BEFORE: DEL SOLE, President Judge, MONTEMURO * and KELLY, JJ.

DEL SOLE, President Judge:

¶ 1 These cross-appeals follow a trial court order awarding a new trial after a jury returned a verdict finding the defendant, The Salvation Army, negligent, but ruling that its negligence was not a sub-stantial factor in the cause of death of four children. We affirm.

¶ 2 On March 11, 1995, a tragic fire killed four young children in Room 203 of the Red Shield Residence, a shelter owned and operated by The Salvation Army. The children died of smoke inhalation. The children's mother as well as three older children were also residents of the room ·but were in the hallway when the fire erupted.

¶ 3 The Red Shield Residence had a fire alarm system which included smoke detectors in the hallways. The individual residential units were not equipped with smoke detectors. On January 26, 1995, less than two months before the fire, the Philadelphia Department of Licenses and Inspections sent an inspector to the shelter. The inspector advised The Salvation Army personnel that smoke detectors were required in each individual unit under a revision to the fire code, effective January 1, 1995. The code further provided that compliance was to be within two years of the effective date of the code.

¶ 4 A jury trial was held in which the administrators of the estates of the deceased children (the administrators) sought recovery based on a claim of negligence against The Salvation Army.[1] In response to interrogatories the jury found that The Salvation Army was negligent, but the negligence was not a substantial factor in causing the deaths of the four children. Both parties filed post-trial motions. The administrators sought a judg-

---

* Retired Justice assigned to the Superior Court. Justice Montemuro did not participate in the decision of this matter.

1. The mother of the deceased children was also a plaintiff in the original action, both in her own right and as the parent and natural guardian of her other children who were injured, but not killed by the blaze. Also named as defendants were Cope Lippincott Slifer Architects, an architectural firm, Weyman Associates, Inc., an electrical contractor and C. Daniel Weyman, its principal. All defendants, with the exception of The Salvation Army, were dismissed from the case. The mother's individual claim was withdrawn, and the claims of the surviving children were settled out of court.

ment n.o.v. on the issue of causation, or in the alternative, a new trial. The Salvation Army sought a judgment n.o.v. on the jury's finding of negligence.

¶ 5 The trial court granted the administrators' motion for a new trial holding that its trial rulings limiting the administrators' witnesses and their testimony on causation impeded the administrators' ability to prove their case. The court stated: "Certainly, an opinion that a smoke alarm in Room 203 *would have* prevented the deaths would have been very useful to the jury in evaluating the issue of causation, and its absence from this case—as a result of my rulings—is, all by itself, a more than sufficient basis for a new trial to be granted." Trial Court Opinion, 8/14/00, at 4. Both sides appealed.

■■■ ¶ 6 On appeal both sides argue that it was appropriate for the trial court to enter a judgment n.o.v. in their favor. In reviewing an order denying a motion for judgment notwithstanding the verdict, we must determine whether there was sufficient competent evidence to sustain the verdict. *Armstrong v. Paoli Memorial Hospital*, 430 Pa.Super. 36, 633 A.2d 605 (1993). Judgment notwithstanding the verdict can be entered only if the movant is entitled to judgment as a matter of law or if evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. *Moure v. Raeuchle*, 529 Pa. 394, 604 A.2d 1003 (1992).

■■■ ¶ 7 In denying The Salvation Army's motion the trial court noted that the jury was entitled to determine whether the failure to install smoke detectors immediately upon the enactment of the new code constituted negligence. We perceive no error of law or abuse of discretion in this ruling and for the reasons more fully set forth by the trial court in its opinion, we conclude that judgment n.o.v. in favor

of The Salvation Army was properly denied.

■■■ ¶ 8 We reach the same conclusion with respect to the administrators' request seeking review of the court's denial of their motion for judgment n.o.v. The administrators argue that the record did not support the jury's verdict on causation and that the facts as presented warrant entry of judgment in their favor, leaving only the question of damages unresolved. As the administrators must acknowledge by virtue of their initial request for a new trial on the basis that the court erred in the preclusion of causation evidence, the evidence offered at trial in relation to causation was not fully developed. The court did not err in denying the administrators' motion.

¶ 9 We turn now to The Salvation Army's request for review of the trial court's order granting a new trial. The Salvation Army contends that the record clearly refutes the reasons relied upon by the trial court in entering its award. The trial court found that it had prevented Mr. Semple, a witness offered by the administrators, from offering an opinion that had there been a smoke alarm in the room the children would not have died in the fire. With respect to a second expert, Mr. Tantala, the court wrote: "I precluded Mr. Tantala from testifying, on the basis that his testimony would have been merely cumulative of that given earlier by Mr. Semple, even though I had—by sustaining an objection—prevented Mr. Semple from giving that very opinion during his testimony." Trial Court Opinion at 4. The trial court also remarked that it had prevented the plaintiff from asking similar questions to the person who investigated the fire and the paramedic who responded to the initial alarms. The court concluded that the administrators were precluded from offering

any witness to give "this obviously relevant opinion." *Id.*

¶ 10 The Salvation Army does not argue that this testimony was irrelevant or inadmissible, rather it asserts that the trial court incorrectly recalled the events which transpired at trial. It claims that Mr. Semple was permitted to testify as to causation, yet the administrators failed to question the witness on this point. It further maintains that Mr. Tantala's testimony was not precluded because it was cumulative to causation testimony, as the trial court states, but that it was considered cumulative to testimony involving the fire code. It further asserts that if the new trial award was based on the preclusion of causation testimony from the assistant fire marshal and paramedic, such preclusion was proper and a new trial was not warranted.

¶ 11 Our review of the complete record supports the trial court's ruling. The discussions and testimony regarding Mr. Semple's qualifications and the extent of testimony he would be permitted to offer exceed over 40 transcribed pages. N.T. 5/17/99, at 2.44–2.86. A careful reading of the objections, responses and the court's comments cause us to conclude that the court was limiting the witness' testimony to the question of how smoke detectors operate and the speed of their reaction. The court repeatedly directed that Mr. Semple was not able to offer the jury his opinion that these children would not have died had their room been equipped with smoke detectors with alarms because the alarm would sound before the oxygen level was depleted to a level that would cause death. *Id.*

¶ 12 Appellant also disputes whether Mr. Tantala's expert opinion was precluded as cumulative on the issue of causation or cumulative to testimony regarding code compliance. The Salvation Army objected to the testimony of this witness as cumulative. N.T. 5/17/99, at 2.184. The court asked to review the proposed witness's report. That report, among other things, opined:

> It is our **professional opinion** that if the subject portion of the building at 701 North Broad Street complied with the codes and had smoke detectors in the sleeping areas, then these four children would not have died in this fire.

Upon review of the report, the court ruled: "his opinion is cumulative." N.T. 5/17/99, at 2.186. Counsel for the administrators continued to press the court restating the witness's experience and advising the court that he would testify that The Salvation Army was not in compliance with the code on the date of the fire. The court stood by its ruling precluding the testimony. Regardless of the degree to which his testimony would be cumulative or on what specific points, it is clear that Mr. Tantala was unable to present expert testimony on the issue of causation.

¶ 13 Based upon our review of the transcripts of this trial we find the trial court was correct in concluding that due to its ruling(s) no witness gave this challenged testimony.[2] Thus, we affirm its ruling awarding a new trial.

¶ 14 Order affirmed.

**2.** Based upon our ruling it is unnecessary to consider whether the testimony of the assistant fire marshal and paramedic was properly restricted.